**Jaburg & Wilk, P.C.**
1850 N. Central Avenue, Suite 1200
Phoenix, AZ 85004
602.248.1000

Nathan D. Meyer (020583)
ndm@jaburgwilk.com

Attorneys for Defendant USAA GIC

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa White, individually and, <br><br> Plaintiff, <br><br> v. <br><br> USAA Insurance Agency, Inc. doing business as USAA Casualty Insurance Company, a foreign corporation; John and Jane Does I-X; ABC Corporations I-X, <br><br> Defendants. | Case No. <br><br> **NOTICE OF REMOVAL** |

Defendant USAA General Indemnity Company ("USAA GIC"), the insurer who issued the insurance policy from which this dispute arises (the "Policy") to Plaintiff, files this Notice of Removal of this action to the United States District Court for the District of Arizona as the real party in interest.[1]

1.   On or about October 6, 2023, Plaintiff Lisa White filed a Complaint in the Maricopa County Superior Court of Arizona captioned "*LISA WHITE, individually and, Plaintiff v. USAA Insurance Agency Inc., DBA USAA Casualty Insurance Company, a foreign corporation; JOHN AND JANE DOES I-X; ABC CORPORATIONS I-X, Defendants*" (the "State Court Action"). *See* Exh. A, Complaint.

---

[1] Plaintiff incorrectly named "USAA Insurance Agency, Inc." as the Defendant. USAA GIC has offered to stipulate to an Amended Complaint that names USAA GIC as the Defendant and deem USAA GIC served on the date Plaintiff served USAA Insurance Agency.

2. On December 29, 2023, Plaintiff improperly served the Complaint on USAA Insurance Agency, Inc." via its statutory agent CSC. *See* Exh. A, Not of Service of Process; ARS § 20-221(B) ("Service of process against a foreign or alien insurer *shall* be made *only* by service upon the director" of the ADOI) (emphasis added).

3. Plaintiff is a citizen of Arizona for federal diversity jurisdiction purposes because:

    A. the Complaint alleges that Plaintiff is a resident of Maricopa County, State of Arizona. *See* Exh. A, Complaint ¶ 1; and

    B. USAA GIC issued the Policy to Plaintiff at an Arizona address.

4. USAA GIC is a citizen of Texas for federal diversity jurisdiction purposes because:

    A. USAA GIC is a Texas corporation;

    B. USAA GIC's principal place of business is in Texas; and

    C. The officers of USAA GIC direct, control, and coordinate the activities of USAA GIC from San Antonio, Texas.

5. Pursuant to 28 U.S.C. § 1332, this Court has diversity jurisdiction over this civil action because Plaintiff's allegations and sought damages indicate Plaintiff seeks more than the $75,000 minimum amount in controversy:

    A. Plaintiff certified this case is not subject to the $50,000 compulsory arbitration limit. *See* Maricopa County Local Rule 3.10(a); Exh. A, Plaintiff's Certificate of Compulsory Arbitration.

    B. Plaintiff asserts this case is subject to Tier 3 pursuant to ARCP 26.2, which means Plaintiff seeks damages in excess of $300,000. *See* Exh. A, Complaint.

    C. Plaintiff also seeks attorneys' fees. See Exh. A., Complaint ¶ 52, Prayer for Relief ¶ g; *Nasiri v. Allstate Indem. Co.*, 41 Fed.Appx. 76 (9th Cir. 2002) (attorneys' fees considered when determining the amount in controversy in alleged bad faith cases); *Hoarau v. Safeco Ins. Co. of America*, 2017 WL 3328078 *2 (D. Ariz. Aug.

4, 2017) (denied a motion to remand bad faith case despite Plaintiff seeking only $57,000 in compensatory damages, in part, because Plaintiff also sought attorneys' fees).

   D. Plaintiff also seeks punitive damages. *See* Exh. A., Complaint ¶ Prayer for Relief ¶ e; *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."); *Wood v. State Farm Mut. Auto. Ins. Co.*, 2015 WL 3953909, at *2 (D. Ariz. June 29, 2015) ("the amount in controversy includes the amount of damages in dispute, including punitive damages."); *Hoarau*, WL 3328078 *3 (D. Ariz. August 4, 2017) (denied motion to remand bad faith case despite Plaintiff seeking only $57,000 in compensatory damages, in part, because Plaintiff also sought punitive damages).

6. Pursuant to 28 U.S.C. § 1446(d), USAA GIC has filed a timely Notice of Removal within thirty days of Plaintiff serving the Complaint.

7. Written notice of this Notice of Removal will be given to Plaintiff as required by law.

8. USAA GIC has simultaneously filed a Notice of Filing Notice of Removal in the Maricopa County Superior Court of Arizona. *See* Exh B., Notice of Filing Notice of Removal.

9. Pursuant to LRCiv 3.6, copies of all pleadings filed in the Maricopa County Superior Court are attached. *See* Exh. A, Summons, Notice of Service of Process, Complaint, and Certificate of Compulsory Arbitration.

Accordingly, Defendant USAA GIC respectfully requests that this action be removed to this Court.

DATED this 23rd day of February, 2024.

**Jaburg & Wilk, P.C.**

*/s/ Nathan D. Meyer*
Nathan D. Meyer
Attorneys for Defendant USAA GIC

3

*Certificate of Service*

I hereby certify that on the 23rd day of February, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Stephen D. Benedetto
The People's Law Firm, PLC
645 North 4th Ave., Suite A
Phoenix, AZ 85003
(602) 456-1901
benedetto@the-plf.com
admin@the-plf.com
*Attorneys for Plaintiff*

/s/ Patty Loisel

# EXHIBIT A



# Notice of Service of Process

**LYN / ALL**
**Transmittal Number: 28253057**
**Date Processed: 12/29/2023**

| | |
|---|---|
| **Primary Contact:** | Sandra Adams<br>United Services Automobile Association<br>9800 Fredericksburg Rd<br>San Antonio, TX 78288-0002 |
| **Electronic copy provided to:** | Carmen Solis<br>Danielle Lopez<br>Griselda Mejia<br>Ruby Esquivel |
| **Entity:** | USAA Insurance Agency, Inc.<br>Entity ID Number  3692530 |
| **Entity Served:** | USAA Insurance Agency, Inc. |
| **Title of Action:** | Lisa White vs. USAA Insurance Agency, Inc. doing business as USAA Casualty Insurance Company, a foreign corporation |
| **Matter Name/ID:** | Lisa White vs. USAA Insurance Agency, Inc. doing business as USAA Casualty Insurance Company, a foreign corporation (15047291) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Maricopa County Superior Court, AZ |
| **Case/Reference No:** | CV2023-015609 |
| **Jurisdiction Served:** | Arizona |
| **Date Served on CSC:** | 12/29/2023 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | The People's Law Firm, PLC<br>602-456-1901 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Clerk of the Superior Court
*** Electronically Filed ***
S. Allen, Deputy
10/6/2023 10:04:51 AM
Filing ID 16709723

Person/Attorney Filing: Stephen D Benedetto
Mailing Address: 645 North 4th Avenue Suite A
City, State, Zip Code: Phoenix, AZ 85003
Phone Number: (602)456-1901
E-Mail Address: benedetto@the-plf.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 022349, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

Lisa White
Plaintiff(s),
v.
USAA Insurance Agency, Inc.
Defendant(s).

Case No. CV2023-015609

**SUMMONS**

To: USAA Insurance Agency, Inc.

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to <u>Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of MARICOPA

SIGNED AND SEALED this Date: *October 06, 2023*

*JEFF FINE*
Clerk of Superior Court

By: *S. ALLEN*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Clerk of the Superior Court
*** Electronically Filed ***
S. Allen, Deputy
10/6/2023 10:04:51 AM
Filing ID 16709720

THE PEOPLE'S LAW FIRM, PLC
Stephen D. Benedetto (Ariz. Bar No. 022349)
645 North 4th Avenue, Suite A
Phoenix, Arizona 85003
Telephone: (602) 456-1901
Facsimile: (602) 801-2834
benedetto@the-plf.com

*Firm email for service of documents:*
admin@the-plf.com

*Attorneys for Plaintiff Lisa White*

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| LISA WHITE, individually and<br><br>Plaintiff,<br><br>v.<br><br>USAA INSURANCE AGENCY, INC. doing business as USAA CASUALTY INSURANCE COMPANY, a foreign corporation; JOHN AND JANE DOES I-X; ABC CORPORATIONS I-X;<br><br>Defendants. | Case No. CV2023-015609<br><br>**COMPLAINT**<br><br>(Breach of Contract; Insurance Bad Faith)<br><br>Tier 3 Case (Ariz. R. Civ. P. 26.2(b)(3)) |

For her complaint against Defendant USAA Insurance Agency, Inc., Plaintiff Lisa White, through undersigned counsel, hereby alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Lisa White is an unmarried woman residing in Maricopa County, Arizona.

2. Upon information and belief, Defendant USAA Insurance Agency, Inc. is a foreign corporation authorized to do business and doing business in Maricopa County, Arizona as USAA Casualty Insurance Company (hereinafter "USAA").

3. John and Jane Does I-X, ABC Corporations I-X, and Black and White

Partnerships I-X are individuals, corporations, or partnerships, respectively, or other incorporated or unincorporated associations whose true names are presently unknown to Plaintiff, but who are or may be liable to Plaintiff on her Complaint. If and when the true names of such fictitious Defendants become known Plaintiff will seek leave of the Court to amend this Complaint accordingly.

4. The events that gave rise to Plaintiff's claims occurred in Maricopa County, Arizona and venue is proper in this Court pursuant to A.R.S. § 12-401.

5. The amount in controversy exceeds the Court's minimum jurisdictional amount.

6. The Court has jurisdiction of this action pursuant to Article VI, section 14 of the Arizona Constitution and A.R.S. § 12-123.

## GENERAL ALLEGATIONS

### The Fatal Crash

7. At approximately 7:57 p.m. on November 1, 2020, 36-year-old Vaughn Oakry was walking across the intersection of Bethany Home Road and 41st Avenue – a well-lit residential road with a speed limit of 40 miles per hour.

8. As Mr. Oakry was attempting to cross, he was struck by a 2013 white BMW 328, bearing the Vehicle Identification Number ("VIN") of WBA3A5G53DNP21489 (hereinafter the "BMW").

9. Mr. Oakry remained on the ground and ultimately expired.

10. The cause of injury noted on his Death Certificate was "blunt force torso trauma."

11. The driver of the BMW, later learned to be Jack Eddia, fled the scene.

12. During the course of their investigation Phoenix Police identified Mr. Eddia as the registered owner of the BMW.

13. After initially claiming his vehicle was stolen, Mr. Eddia admitted to police

that he was driving the vehicle at the time of the accident.

## The Policy

14. Upon information and belief, Phoenix Police identified an active insurance policy covering the vehicle issued by USAA with the policy number 041196334G71011 (hereinafter the "Policy").

15. Upon information and belief, the Policy identified the BMW as a "covered auto."

16. Upon information and belief, the Policy defined Dezmond Ford as the "named insured."

17. Upon information and belief, the language of the Policy purported to provide liability coverage to any "covered person," which the Policy defined as including "[a]ny person using your covered auto."

18. Upon information and belief, by virtue of Mr. Ford's continuing to pay policy premiums, the Policy was still in effect as of November 1, 2020.

## Bad Faith Denial of Coverage

19. Upon information and belief, the Policy provided that USAA would settle or defend any claim or suit seeking damages arising out of the use of an automobile operated by a "covered person."

20. At all material times, Mr. Eddia was a "covered person" under the Policy and was entitled to coverage thereunder.

21. In a letter to USAA dated August 27, 2021, Mr. Oakry's surviving mother, Plaintiff Lisa White, offered to settle the estate's wrongful death claim against Mr. Eddia for the bodily injury limits established by the Policy. That letter provided USAA with 30 days to review the claim, and indicated that the offer to settle for policy limits would expire by its own terms if not accepted before September 26, 2021.

22. After some additional communication between the parties, on or about

- 3 -

October 15, 2021 USAA sent a letter to Plaintiff denying her claim based on USAA's conclusion that "there is no coverage available for the following reason or reasons: We have reviewed the circumstance regarding the loss and are denying liability since our insured did not own the vehicle involved at the time of the loss."

### The Wrongful Death Lawsuit Against Mr. Eddia

23. On or about June 15, 2022, Plaintiff, on her own behalf and as the statutory wrongful death plaintiff, a civil action in Maricopa County Superior Court against Mr. Eddia for the wrongful death of her son, Mr. Oakry.

24. Mr. Eddia retained counsel to represent him in the above-referenced civil litigation.

25. On or about May 22, 2023, Plaintiff and Mr. Eddia entered into a Settlement Agreement With Assignment of Rights and Covenant Not to Execute (the "*Damron* Agreement") under which Mr. Eddia agreed to withdraw his answer, permit a default judgment to be taken against him, and assign his rights against USAA to Plaintiff.

26. When Mr. Eddia failed to timely withdraw his answer, on or about September 18, 2023, Plaintiff and Mr. Eddia entered into an Amendment of the *Damron* Agreement under which Mr. Eddia agreed to enter into a Stipulation for Judgment in which he stipulated to liability and damages in the amount of $3,750,000.00.

27. The agreement was entered into in good faith, and was not fraudulent or collusive.

28. The amount of the stipulated judgment in the Agreement was fair and reasonable under the circumstances.

29. Mr. Eddia acted in a reasonable and prudent manner by entering into the *Damron* Agreement, given USAA's breach of contract and breach of its duty of good faith and fair dealing, as well as the tremendous harm and damage caused as a result of Mr. Eddia's negligence.

30. On October 2, 2023 the Maricopa County Superior Court entered judgment against Mr. Eddia in the underlying action in the amount of $3,750,000 plus interest.

### FIRST CLAIM FOR RELIEF

### (Breach of Contract)

31. Plaintiff incorporates by reference all allegations asserted in the paragraphs above as though they were fully set forth herein.

32. The Policy constituted a binding contract.

33. Mr. Eddia was a "covered person" under the Policy at the time of the fatal collision that resulted in Mr. Oakry's death.

34. As a "covered person," Mr. Eddia was a policyholder beneficiary with standing to enforce his right under the Policy.

35. Upon information and belief, the Policy was in full force and effect as of the November 1, 2020 date of the fatal collision that resulted in Mr. Oakry's death.

36. USAA was contractually obligated under the Policy to defend and indemnify Mr. Eddia and approve any reasonable settlement offer made by Mr. Eddia that fell within the Policy's limits.

37. USAA breached its duties under the Policy by refusing to defend and/or indemnify Mr. Eddia, as stated in their October 15, 2021 response letter to Plaintiff, wrongfully denying Mr. Eddia coverage, and refusing to settle for the amount demand by Plaintiff, which was within the policy's limits.

38. Mr. Eddia has been damaged as a result of USAA's breach of contract in an amount to be proven at trial.

39. Pursuant to the Agreement, Plaintiff is the assignee of Mr. Eddia's breach of contract claim against USAA, and she is therefore entitled to recover the damages incurred by Mr. Eddia as a result of USAA's breach of contract, which include but are not limited to $3,750,000, the amount of the stipulated judgment entered against him.

40. This matter arises out of contract and Plaintiff is entitled to recover her attorneys' fees pursuant to A.R.S. § 12-341.01

### SECOND CLAIM FOR RELIEF

### (Insurance Bad Faith)

41. Plaintiff incorporates by reference all allegations asserted in the paragraphs above as though they were fully set forth herein.

42. Arizona law implies into every contract a duty of good faith and fair dealing.

43. This duty requires that every insurer give the same consideration to its insured's interests as it gives its own interests when it considers whether to defend or indemnify an insured and/or accept a settlement offer made to its insured.

44. By entering into an insurance contract defining any driver of the BMW as a "covered person," USAA assumed a duty of good faith and fair dealing toward such covered persons, including Mr. Eddia.

45. A reasonable and prudent person in the position of USAA would have agreed to defend and indemnify Mr. Eddia and would have tendered the policy limits demand by Plaintiff.

46. Coverage existed under the Policy for the claims asserted by Plaintiff against Mr. Eddia arising out of the fatal collision that resulted in Mr. Oakry's death.

47. USAA intentionally breached its duty of good faith and fair dealing by, among other things:

   a. Intentionally refusing to defend Mr. Eddia despite the fact that coverage existed for the claims asserted by Plaintiff in the underlying action;

   b. Intentionally refusing to indemnify Mr. Eddia and pay the amounts demand by Plaintiff, despite the fact that coverage existed, the amount demand was within the Policy's limits, the amount demand was reasonable and appropriate under the circumstances, and a refusal to pay the amount demanded exposed

Mr. Eddia to a significant risk of substantial personal liability; and,

c. Intentionally failing to give as much consideration to Mr. Eddia's interests as it gave its own interests in refusing to accept a reasonable settlement offer, thereby exposing Mr. Eddia to a significant risk of substantial personal liability.

48. The amount of the stipulated judgment contained in the *Damron* Agreement was fair and reasonable under the circumstances, was not collusive, and was not fraudulent.

49. As a result of USAA's breach of its duty of good faith and fair dealing, Mr. Eddia has been damaged in an amount to be determined at trial.

50. USAA's breaches of its duty of good faith and fair dealing were intentional, willful, and in reckless and conscious disregard for the rights and interest of Mr. Eddia.

51. Pursuant to the agreement, Plaintiff is the assignee of Mr. Eddia's claims against USAA and has standing to assert his bad faith claim against USAA, and Plaintiff is therefore entitled to recover the damages incurred by Mr. Eddia as a result of USAA's breaches of its duty of good faith and fair dealing, which include but are not limited to $3,750,000, the amount of the stipulated judgment entered against Mr. Eddia.

52. This mater arises out of contract, and Plaintiff is entitled to recover her attorneys' fees pursuant to A.R.S. § 12-341.01.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lisa White hereby prays for judgment against Defendant USAA as follows:

A. For compensatory and consequential damages arising from USAA's breach of contract, in an amount to be determined at trial, but in no event less than $3,750,000.00, plus the controlling pre- and post-judgment interest rate until paid;

B. For compensatory and consequential damages arising from USAA's breach of the covenant of good faith and fair dealing, in an amount to be determined

at trial, but in no event less than $3,750,000.00, plus the controlling pre- and post-judgment interest rate until paid;

    C.    For an award of attorneys' fees as permitted by law;

    D.    For an award of pre- and post-judgment interest on all amounts awarded to Plaintiff, at the highest rate permitted by law;

    E.    For an award of punitive damages in an amount sufficient to punish USAA and deter it and others from acting in a similar fashion in the future; and,

    F.    For such other relief as the Court deems just and proper.

DATED this 6th day of October, 2023.

THE PEOPLE'S LAW FIRM
645 North 4th Avenue, Suite A
Phoenix, Arizona 85003

By: Stephen D. Benedetto
     Stephen D. Benedetto

*Attorneys for Plaintiff Lisa White*

Clerk of the Superior Court
*** Electronically Filed ***
S. Allen, Deputy
10/6/2023 10:04:51 AM
Filing ID 16709722

Person/Attorney Filing: Stephen D Benedetto
Mailing Address: 645 North 4th Avenue Suite A
City, State, Zip Code: Phoenix, AZ 85003
Phone Number: (602)456-1901
E-Mail Address: benedetto@the-plf.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 022349, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Lisa White<br>Plaintiff(s),<br>v.<br>USAA Insurance Agency, Inc.<br>Defendant(s). | Case No. **CV2023-015609**<br><br>**CERTIFICATE OF COMPULSORY ARBITRATION** |

I certify that I am aware of the dollar limits and any other limitations set forth by the Local Rules of Practice for the Maricopa County Superior Court, and I further certify that this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of the Arizona Rules of Civil Procedure.

**RESPECTFULLY SUBMITTED** this

By: Stephen D Benedetto /s/
Plaintiff/Attorney for Plaintiff