**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Lisa White,

Plaintiff,

v.

USAA Insurance Agency Incorporated, et al.,

Defendants.

No. CV-24-00378-PHX-KML

**ORDER**

Defendant USAA General Indemnity Company seeks reconsideration of the court's summary judgment order. USAA focuses on the "new fact" that it paid Ford for a collision claim on December 22, 2020. (Doc. 67 at 1.) USAA argues it could not have raised this payment earlier because it conducted an inadequate review of its own files and was not aware of Arizona authority making waiver and estoppel applicable when an insurer retains premiums despite treating a policy as void for the purpose of denying coverage. Those are not valid bases for reconsideration.

"Reconsideration motions may not be used to raise new arguments or introduce new evidence if, with reasonable diligence, the arguments and evidence could have been presented during consideration of the original ruling." *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 859 (9th Cir. 2022). USAA had access to its own files at the time of the summary judgment briefing and White's opposition to USAA's motion for summary judgment argued very clearly, citing *McCollum v. Continental Casualty Co.*, 728 P.2d 1242 (Ariz. Ct. App. 1986), that Arizona law did not permit an insurer to retain premiums while

declaring the policy void. (Doc. 55 at 11.) USAA was clearly aware of White's argument: its reply distinguished *McCollum* based on that case concerning a pre-dated policy and argued it did not need to return the premium because Ford had paid a single premium at the inception of the policy. (Doc. 58 at 6-7.) USAA's choice to address White's argument by attempting to legally distinguish *McCollum*—which itself discussed the Arizona cases on which the court's summary judgment order primarily relied, *see* 728 P.2d at 1245—does not make either the fact of its collision payment to Ford or Arizona's case law new.

White's argument should have alerted USAA that the history of Ford's policy was crucial to determining whether retention of premiums was permitted. Reading *McCollum*, as USAA should have before it attempted to distinguish the case, should have alerted USAA that Arizona law might cut more broadly than its other legal research suggested. USAA cannot obtain reconsideration based on evidence available earlier that it chose not to obtain, nor on "new" law examined in the very authority it discussed.

**IT IS ORDERED** the Motion for Reconsideration (Doc. 67) is **DENIED**.

**IT IS FURTHER ORDERED** an in-person trial-setting conference is set for **October 15, 2026**, at **1:30 p.m.** The parties should be prepared to discuss their availability for and the length of trial.

Dated this 6th day of October, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**